[No. 5616.]

STERNBERGER ET AL. v. LADD, IMPLEADED, ETC.

**Practice in Civil Actions — Quieting Title — Nominal Parties — Against Whom Relief May be Granted.**

Plaintiffs brought an action to quiet title against the heirs and grantees of a decedent, and made the holder of a tax deed, who had agreed to sell the property to plaintiffs, a party defendant. Plaintiffs asked no affirmative relief against the holder of the tax deed, and after a judgment in favor of certain of the other defendants, purchased their interests. Held, that a later demurrer to the complaint by the holder of the tax deed was properly sustained, since, upon the purchase of the adverse title held by other defendants, there was no further cloud to remove, and a judgment of dismissal was proper.—P. 77.

*Appeal from the District Court of Gilpin County. Hon. A. H. De France, Judge.*

Action by Leopold Sternberger and Samuel Sternberger against Charles W. Ladd, Sarah Schuyler (widow of Josephus F. Schuyler, deceased), and the unknown heirs of said Josephus F. Schuyler, deceased, James E. Munson, G. E. Van Hyengan, Adolphus W. Petriken, Isaac Clemens Schuyler, and heir of Isaac C. Schuyler, deceased, and Sherman C. Spitzer. From a judgment of dismissal, upon sustaining a demurrer to the complaint filed by defendant Charles W. Ladd, plaintiffs appeal.

*Affirmed.*

Mr. CHAS. MITCHELL and Mr. DAVID MITCHELL, for appellants.

Mr. GEORGE J. HUMBERT, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The record in this case presents a most peculiar condition of affairs. It appears that in December, 1876, one Isaac C. Schuyler obtained from the United

States a patent to the Cataract lode mining claim, situate in Gilpin county. Afterwards Schuyler died intestate, leaving the property to his widow and heirs. Neither Schuyler, his heirs nor grantees paid any taxes upon the property, and, in 1895, it was sold to defendant Charles W. Ladd at a tax sale, and, upon the 13th of January, 1899, a tax deed was issued to Ladd for this property.

In 1902, Ladd agreed to sell the property to the plaintiffs for the sum of four thousand dollars, one thousand of which was paid at the time of the transaction, and the balance to be paid on or before five years from that date.

Plaintiffs brought this action against the heirs and grantees of Schuyler to quiet the title. They made Ladd a party defendant but asked no affirmative judgment against him, and it did not appear from the complaint that Ladd claimed any interest in the property adverse to that of plaintiffs. Ladd was apparently but a nominal party because he was interested in the subject-matter of the litigation.

Ladd filed a demurrer to the complaint, which was overruled. He and the other defendants then filed answers, Ladd not setting up in his answer any title adverse to that of plaintiffs, but admitting the contract substantially as pleaded by plaintiffs.

The other defendants averred that the tax title of Ladd was void because of a failure to comply with the statutory provisions relating to the sale of real estate for taxes.

The matter went to trial, and judgment was rendered in favor of certain of the defendants, and it was determined that they were the owners of the property. Plaintiffs then purchased all of the right, title and interest of the defendants who had been decreed to be the owners of the property. Ladd

then made application to the court to set aside the judgment, because he was not present at the time it was rendered, and had received no notice of its having been rendered, as provided by the Code. The judgment was set aside. Ladd then filed a demurrer to the complaint, alleging that it failed to state facts sufficient to constitute a cause of action. This demurrer was sustained and judgment rendered dismissing the action. Plaintiffs appeal.

The principal ground alleged, as to why the demurrer was properly sustained, was that the complaint failed to state that the plaintiffs were in possession of the property. It is unnecessary for us to determine that question, for the reason that at the time of the filing of the demurrer there was nothing before the trial court to litigate, and the action should have been dismissed. The action was brought to quiet the title of plaintiffs as against the heirs and grantees of Schuyler. No affirmative judgment was asked against defendant Ladd. There was no controversy to be adjudicated between plaintiffs and Ladd. Consequently, after the plaintiffs had purchased the adverse title which was held by the other defendants, there was no cloud to be removed from the plaintiffs' title. Plaintiffs having an agreement to purchase the title of Ladd, and having purchased the title of those claiming adversely, upon the performance of the conditions of the agreement, plaintiffs' title would become absolute as against all the parties to this suit. There is nothing in the complaint to show that the plaintiffs desired relief from any of the provisions of their contract with Ladd, nor that it should be set aside, nor that they had suffered any damage on account of the violation of its terms; so that, under the allegations of the pleadings in this case, upon the acquirement of the ad-

verse title held by the Schuylers, the litigation should come to an end.

There being nothing which could have been litigated in the present action, it was properly dismissed.                    *Judgment affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GODDARD concur.